UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES CRUMBLEY<br>TDCJ-CID NO. 862161,<br>   Petitioner,<br>v.<br><br>RICK THALER,[1]<br>   Respondent. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>} | CIVIL ACTION NO. H-09-0031 |

OPINION ON DISMISSAL

Petitioner James Crumbley, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the revocation of his deferred adjudication community supervision and conviction for aggravated sexual assault. The Court will dismiss the petition because it is barred by the governing statute of limitations.

Discussion

Petitioner entered a guilty plea to aggravated sexual assault in cause number 704436 and the 338th Criminal District Court of Harris County, Texas placed him on deferred adjudication community supervision for five years. *Crumbley v. State*, No.01-99-00290-CR, 1999 WL 1208516 (Tex. App.—Houston [1st Dist.] December 16, 1999, no pet.). Petitioner's guilt was later adjudicated and on February 5, 1999, his punishment was assessed at twenty years confinement in TDCJ-CID. *Id.*; Texas Court website.[2] Petitioner filed a notice of appeal the same day. *Id.* Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386

---

[1] Rick Thaler has replaced Nathaniel Quarterman as the Director of the Texas Department of Justice-Correctional Institutions Division. Accordingly, Thaler is automatically substituted as a party. FED. R. CIV. P. 25(d)(1).

[2] http://www.1stcoa.courts.state.tx.up/opinions/case.asp?FilingID=79628

1

U.S. 738 (1967) on July 2, 1999. *Id*. Petitioner did not file a *pro se* response to the brief. *Crumbley*, 1999 WL 1208516 at *1. On December 16, 1999, the First Court of Appeals for the State of Texas affirmed the judgment of the state district court. *Id.* Petitioner did not file a petition for discretionary review ("PDR"). *Id.*

Petitioner filed a state habeas application in the 338th District Court on October 10, 2001. (Docket Entry No.1). The Texas Court of Criminal Appeals denied the application on February 6, 2002, without written order on the trial court's findings without a hearing. Texas Court website.[3] Petitioner filed three more state habeas applications in 2006 and 2008, all of which were dismissed. *Id*.[4]

Petitioner executed the present federal habeas petition on December 30, 2008, challenging the revocation of his deferred adjudication probation. (Docket Entry No.1). Therefore, petitioner's habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997).

In this federal petition, petitioner contends his deferred adjudication community supervision was improperly revoked for following reasons:

    1.    There was no evidence that petitioner violated the conditions of his community supervision; a new aggravated assault charge in cause number 796930, upon which the State relied to revoke his supervision, was dismissed on February 5, 1999;

    2.    Petitioner's appellate counsel rendered ineffective assistance by filing an *Anders* brief, which stated that the appeal was frivolous and without merit;

---

[3] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=1892719.

[4] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2259436;
http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2278984;
http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2339818.

    3.    Petitioner's due process rights were violated because no rational juror could have found him guilty of the criminal offense upon which his deferred adjudication community supervision was revoked; and,

    4.    Petitioner is actually innocent of the underlying offense to which he entered a guilty plea and for which he received deferred adjudication probation because without the unlawful revocation of his community supervision, he would not have suffered an adjudication of guilt.

(Docket Entry No.1).

## Statute of Limitations

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

>judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320 (1997)). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.*.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses sua sponte in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. In this case, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after his conviction was affirmed by the First Court of Appeals for the State of Texas, on or about December 16, 1999. *See* 28 U.S.C. § 2244(d)(1)(A); SUP. CT. R. 13.1. That date triggered the one-year limitations period which expired on December 16, 2000. Petitioner's federal habeas corpus petition, executed on December 30, 2008, is therefore untimely.

Petitioner's first state habeas application was pending before the Texas Court of Criminal Appeals from October 10, 2001, until February 6, 2002, at which time the Texas Court of Criminal Appeals denied relief. Because petitioner's state application for habeas corpus relief was not filed until 2001, after the expiration of the December 16, 2000 deadline, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner, however, contends that he is entitled to statutory tolling of the limitations period. (Docket Entry No.10). Petitioner claims that he was unable to discover the factual basis of his claims, *i.e.*, the dismissal of the new aggravated assault charge in cause number 796930, until January 23, 2009, despite his diligent efforts to do so. (*Id.*). Petitioner claims that on August 5, 1999, he attempted to obtain a copy of his state court records. (*Id.*). On September 3, 1999, he discovered that the new aggravated assault charge in cause number 796930, which formed the basis for the revocation of his community supervision, had been dismissed when he received a letter from the Harris County District Clerk. (*Id.*). From December 22, 1999, and thereafter, petitioner claims he sought copies of documents pertaining to the dismissal of the aggravated assault charge and the revocation proceedings. (*Id.*). Because of his indigence, petitioner was unable to obtain a copy of the documents until January, 2009, when he had sufficient funds to purchase the same. (*Id.*).

Section 2244(d)(1)(D) provides that the one year limitation period shall run from the latest of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). After a careful review of the record, the Court finds that petitioner discovered the factual basis of his claim on September 3, 1999, or shortly thereafter, when he received notice from the Harris County District Clerk that the aggravated assault charge in cause number 796930 had been dismissed. (Docket Entry No.10, page 11). The Court notes that the State would have provided petitioner with a free copy of the transcript and statement of facts if petitioner had filed an affidavit of indigence and a request for a free copy of the record within thirty days of his conviction. *See* TEX. R. APP. PROC. 20.2. Petitioner, however, he did not begin to inquire about the documents in his case until August, 1999, seven months after his community supervision was

5

revoked and his guilt adjudicated. Petitioner further confuses the knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim. "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . , while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan*, 154 F.3d at 198-99.

Petitioner also contends that he is entitled to equitable tolling of the limitations period because he was unable to access his state court records within the AEDPA limitations period. (Docket Entry No.10). Petitioner claims that his indigence and the State's interference with his pursuit to discover the factual basis of his claims constitute an "extraordinary circumstance" that stood in his way. (*Id.*).

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

An indigent habeas petitioner is not entitled to a free copy of his trial transcript and records to search for possible trial defects merely because he is indigent. *Johnson v Johnson*, 194 F.3d 1309, 1999 WL 767047 at *1 (5th Cir. 1999) (not designated for publication) (citing *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975)); *see also Lloyd v. Vannatta*, 296 F.3d 630, 632-33 (7th Cir. 2002); *Randolph v. Taylor*, 69 Fed. Appx. 824, 825 (9th Cir. 2003); *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002); *Crawford v. Costello*, 27 Fed. Appx. 57

(2nd Cir. 2001). As in *Johnson*, petitioner has not shown that his unsuccessful efforts to obtain his state records at no cost prevented him from filing either his state habeas applications or his federal habeas petition. *See id.* Therefore, he fails to show that a state-created impediment prevented him from filing his habeas petition or that he is entitled to equitable tolling.

Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Beasley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the court's ruling debatable. Therefore, a certificate of appealability from this decision will not issue.

### Conclusion

Accordingly, the court ORDERS the following:

1. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 14th day of October, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE